I respectfully dissent. I would overrule the second and third assignments of error and affirm the conviction and sentence.
The majority recognizes that whether to admit Detective Lakin's testimony or instruct on the defense of duress were issues commended to the trial court's sound discretion.
Although I agree that Detective Lakin's proferred testimony was relevant, I think its probative value was marginal at best. Although Detective Lakin's testimony would have explained why there was no corroboration from internal affairs that Elijah had received a beating at the hands of the police, it would have neither tended to establish that Elijah had been beaten by the police nor that an internal affairs investigation had actually been conducted. In short, it would have shown nothing other than that the police department had no record of either a beating complaint or investigation into the alleged beating. Indeed, based on Detective Lakin's testimony, it was just as likely that there had been no beating complaint or investigation as that there had been.
I find no abuse of discretion in the exclusion of this evidence.
I also find no abuse of discretion in the trial court's determination that Elijah's "duress" evidence was insufficient to warrant an instruction on that affirmative defense.
 __________________________ BROGAN, J.